**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark Albert VAUGHAN, Defendant-Appellant.**

**No. 71–2237.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1972.

Rehearing Denied May 9, 1972.

Michael D. Nasatir (argued), of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

William John Rathje, Asst. U. S. Atty. (argued), Eric A. Nobles, Chief, Crim. Div., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Mark A. Vaughan appeals a judgment of conviction by the district court for violating 50 U.S.C.App. § 462 (refusal to be inducted into the Armed Forces). We affirm.

The appellant was classified I–A on November 23, 1969, and thereafter requested a Form 150 in order to present a concientious objector claim. He never returned it. In due course, Vaughan was ordered to report for induction and was found medically acceptable. During pre-induction processing Vaughan completed the Armed Forces Security Questionnaire, DD Form 98, certifying in it that he had never been associated with any organization of security significance. He also filled out a Statement of Personal History, DD Form 398. In answer to question No. 16 asking that he list his membership in any organizations he answered "NONE," and in answer to question No. 17, he again stated that he had never been associated with a subversive group. However, in answer to question No. 19, calling for incidents which might reflect upon his loyalty or his suitability for military duties, he responded that to participate in military service would violate the scripture and his Christian conscience. He did not sign DD Form 398, nor was it signed by the military authority, as was intended.

On appeal, Vaughan's position is that his answer to question No. 19 on his Statement of Personal History constitutes a "qualification" of DD Form 398 requiring the Army, under Army Regulation 604–10, to postpone induction until the completion of a security investigation. His contention is that he was denied due process since the Army did not follow its own regulations.

Even if we accept Vaughan's contention that he "qualified" DD Form 398,[1] we cannot agree that the Army was required to postpone his induction. The applicable Army Regulation, AR 604–10, ¶ 3–3.a, provides in pertinent part:

"A registrant who qualifies DD Form 98 or DD Form 398 or refuses to complete either form in its entirety will be eligible for induction, if otherwise qualified ,as long as the qualification of the form does not acknowledge membership in an organization listed on The Attorney General's list . . . or that he is a Communist."

Vaughan did not qualify his DD Form 398 in any such particulars. He gave answers which might have been appropriate in a conscientious objector Form 150. This form, however, he never submitted.[2]

Judgment affirmed.

---

1. It is doubtful that Vaughan did "qualify" his DD Form 398 within the meaning of Army Regulations. Under ¶ 1–3.f, Army Regulation 604–10, "qualification" of DD Form 398 refers to:

"[A] 'yes' answer to any question in item 17 of the form, or to any entry of national security significance made in items 16 and 19 of the form or the 'remarks' section thereof."

Vaughan's emphasis on the principles of his religious belief does not in the present context amount to an entry of national security significance.

2. The Supreme Court indicated in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), that a conscientious objector claim which crystallizes after the notice of induction has been sent will not require the Local Board to reopen classification of the claimant. This claim will be processed after he enters the Armed Forces.